## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

GEORGE ZULUAGA,

Plaintiff,

-vs-                                         CASE NO.: 6:17-cv-335-ORL-37-GJK

OCWEN LOAN SERVICING, LLC

Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS

GEORGE ZULUAGA, the Plaintiff, by and through his undersigned counsel, hereby files his opposition to Defendant, OCWEN LOAN SERVICING, LLC's, Motion to Stay [Doc 14]. For the reasons set forth below, the Court should not stay this action pending a decision from the United States Court of Appeals for the District of Columbia Circuit in *ACA International, et al. v. Federal Communication Commission and United States of America*, Case No. 15-1211 (D.C. Cir. July 10, 2015) ("ACA International").

### I.      Background

On July 10, 2015, the Federal Communications Commission ("FCC") issued a ruling ("2015 FCC Order") clarifying certain definitions and provisions of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). Several companies, trade associations, and other business entities did not like the ruling and filed petitions with the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") seeking review of the 2015 FCC Order. These petitions were consolidated into the case of *ACA International*. Defendant suggests that the clarifications within the 2015 FCC Order will either potentially extinguish Plaintiff's

1

claims, or dictate the scope of the issues and discovery needed in this case. Specifically, Defendant takes issue with the definition of an automatic telephone dialing system ("ATDS"), hoping that the D.C. Circuit makes a pro-business determination regarding the FCC's rulemaking. Defendant seeks an indefinite stay of this case pending the decision in *ACA International*. Defendant's Motion is built upon speculation and hypotheticals regarding what the D.C. Circuit *could* or *might* do at some point in the future. Comparatively, the 2015 FCC Order is supported by previous FCC orders, years of legal precedent, and is entitled to significant deference. For the reasons set forth below, a stay of this case is unwarranted and would serve no purpose other than to unfairly prejudice Plaintiff and delay the litigation of this matter.

## II.    Legal Standard

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am.Co.*, 299 U.S. 248, 254 (1936). Whether to stay the proceedings is entrusted to the discretion of the district court. *See id.* 254-55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997), *citing Landis*, 299 U.S. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. While a district court possesses discretion to stay a case pending the resolution of similar proceedings in another forum, "the district court must limit properly the scope of the stay. A stay must not be 'immoderate.'" *Ortega Trujillo v. Conover & Co. Comms., Inc.* 221 F.3d 1262, 1264 (11th Cir. 2000) (citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir.

1982)). In determining whether a stay is immoderate, the Eleventh Circuit has cautioned that it will examine the "scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." *Ortega*, 221 F. 3d at 1264.

### III. Legal Argument

Considering the vast and varying number of cases this Court deals with, it is likely that the Court has not had an opportunity to observe the abuse of stay motions that has become *en vogue* among the TCPA defense bar in the past few years. However, as a practitioner that has handled TCPA cases nationwide, the undersigned can represent to the Court that stay motions based upon one rationale or another are now filed almost as a matter of routine in a significant majority of cases. Defendant contends that an indefinite stay is warranted here because the forthcoming decision of the D.C. Circuit in *ACA International* has the *potential* to address issues that *could* impact the extent of Defendant's liability in this case. According to Defendant, a predominant issue before the D.C. Circuit is the definition of an ATDS; however, it remains to be seen if the issue will be addressed. The Court should deny Defendant's Motion because the decision in *ACA International* is unlikely to impact, simplify or streamline the case. Rather, a stay would prejudice Plaintiff.

Since there is no indication when *ACA International* may be decided, Defendant is essentially seeking a stay of indeterminate length. ". . . stays of an indefinite nature have been found to be 'immoderate'" and accordingly denied. *Myron v. Rodriguez*, No. 3:06-cv-1061-J-TEM, 2008 WL 516753, *3 (M.D. Fla. Feb. 22, 2008) (*citing Trujillo v. Conovo & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)); *see Roath v. Bank of New York Mellon*, No. 2:15-cv-286-FtM-38DN, 2015 WL 4349828, *2 (M.D. 6 Fla. July 14, 2015)

(denying motion for stay pending another court's ruling on a case, finding the requested stay was too indefinite in scope).

Another basis for denying the indefinite stay sought by Defendant is the fact that the D.C. Circuit's decision regarding *ACA International* will not resolve the matter. Whichever party is unsuccessful in *ACA International* will likely appeal to the Supreme Court, thereby further extending the delay and prejudice to Plaintiff. *Lathrop v. Uber Technologies, Inc.*, No. 14-cv-05678-JST, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) (denying motion to stay based on pendency of *ACA International*); *Schwyhart v. AmSher Collection Services, Inc.,* No. 2:15-cv-01175-JEO, 2016 WL 1620096, *3 (N.D. Ala. April 22, 2016) ("There is always the possibility that the D.C. Circuit's decision will be appealed to the Supreme Court, adding a further layer of indefinite – and perhaps lengthy – delay were a stay to be granted here.") *Coniglio v. Iqual Corp. and Nationstar Mortgage, LLC*, No. 8:15-cv-2406-T-33-AEP, 2015 WL 8521288, at *1 (M.D. Fla. Dec. 3, 2015) ("Eleventh Circuit precedent establishes that a grant of certiorari by the Supreme Court does not in itself change the law…"[u]ntil the Supreme Court issues a decision that actually changes the law, we are duty bound to apply this Court's precedent and to use it and any existing decisions of the Supreme Court to measure the likelihood of a plaintiff's success on the merits") (*internal citations omitted*).

Given the current status of *ACA International* and the appellate proceedings that will follow any forthcoming decision, the entry of a stay pending the resolution of *ACA International* would constitute a prejudicial and indefinite stay, which would derail this litigation and prejudice the Plaintiff. *See CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284 (11th Cir. 1982) (finding stay order imposed an indefinite delay on appellant's federal claim and effectively placed him out of court).

Furthermore, the clarifications in the 2015 Order regarding the definition of an ATDS have already been adjudicated and are in alignment with, and supported by, prior rulings from the FCC itself and decisions of federal courts across the country. **The definitions at issue are not new; they have been adopted by numerous courts over the years, and will likely be upheld by the D.C. Circuit due to their long-standing history.** The FCC has consistently implemented the TCPA and entered orders and rulings regarding the Act since 2003. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Doc. No. 02-278, 18 FCC Rcd. 14014 (July 2, 2003) ("2003 FCC Order"); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Declaratory Ruling, CG Doc. No. 02-278, 23 FCC Rcd. 559 (Jan. 4, 2008) ("2008 FCC Ruling").

The Defendant also raises the issue of "oral revocation of consent." However, that issue has been long resolved in the 11th Circuit since *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014). "Common-law notions of consent generally allow oral revocation. See *Pepe v. Shepherd*, 422 So.2d 910, 911 (Fla.Dist.Ct.App.1982) ("[I]t is axiomatic that no agreement need be in writing unless required by statute or contract."). Indeed, counsel for State Farm conceded at oral argument that "the common law would allow an oral revocation." We therefore conclude that Betancourt and Osorio, in the absence of any contractual restriction to the contrary, were free to orally revoke any consent previously given to State Farm to call No. 8626 in connection with Betancourt's credit-card debt." *Id.*

## IV.    Motions to Stay Have Been Denied Frequently in Similar Matters

Significantly, several district courts have refused to stay TCPA cases based on the pendency of *ACA International. See Rodriguez v. DFS Services, LLC*, 2016 WL 369052 (M.D.

Fla. Feb. 1, 2016) (denying motion to stay based on pendency of *ACA International,* finding the challenges before the D.C. Circuit will have no effect on the viability of plaintiff's lawsuit); *Caudill v. Wells Fargo Home Mortgage, Inc.*, 5:16-cv-00066-DCR-EBA (E.D. Ky. July 11, 2016) (denying motion to stay based on pendency of *ACA International*, finding "that the length of the anticipated stay is uncertain."); *Hamm v. Wells Fargo Bank, N.A.*, 1:16-cv-00778-MHC (N.D. Ga. September 7, 2016) (denying motion to stay based on pendency of *ACA International*, holding that "...although oral argument has been scheduled in the D.C. Circuit for October, there is no timetable for the litigation to conclude. The Court is unwilling to stay this action for an indefinite amount of time when it is uncertain to affect the outcome."); *Mancini v. JPMorgan Chase Bank, N.A.*, 2016 WL 1273185 (S.D. Fla. March 23, 2016) (denying motion to stay based on pendency of *ACA International*, finding that an indefinite stay that is solely in the interests of judicial economy is insufficient justification for stay); and *Leachman v. Discover Financial Services, LLC*, No. 15-cv-62120-PAS (S.D. Fla. Jan. 13, 2016) (finding, in part, "In light of the disputed relevance of the FCC's July 2015 Order, and the indeterminate timeline of its appellate review, Defendant's Motion to Stay pending appellate review of the FCC Order is denied."). While numerous courts have premised the denial of motions to stay on the indefinite duration of the stay, others have referenced the fact that many of the issues the D.C. Circuit may review in *ACA International* have already been addressed in previous FCC Orders and case law predating the 2015 FCC Order. *See Adamo v. Synchrony Bank*, 6:16-cv-530-Orl-37GJK (M.D. Fla. July 6, 2016) (denying motion to stay based on pendency of *ACA International*, finding "the matter pending before the Circuit Court for the District of Columbia will be merely persuasive authority in the U.S. Court of Appeals for the Eleventh Circuit"); *Schwyhart*, 2016 WL 1620096 (denying motion to stay based on pendency of *ACA International* because possibility the D.C.

Circuit sets aside provisions of FCC Order is too speculative, any forthcoming decision will not have a direct impact, and the court was unwilling to indefinitely stay case); *Jones*, 2016 WL 3145072 (denying motion to stay based on pendency of *ACA International*, finding that potential for defendant to engage in greater discovery does not constitute one of the "rare circumstances" contemplated under *Landis*); *Rivera v. Exeter Finance Corp.*, No. 15-cv-01057-PAB-MEH-2016, 2016 WL 374523, at *2 (D. Col. Feb. 1, 2016) (denying stay based on potential decrease in evidentiary quality and party/witness availability, and finding the potential impact of *ACA International* "speculative at best."); *Kafatos v. Uber Technologies, Inc.*, No. 15-cv-03727-JST, 2016 WL 97489 (N.D. Cal. Jan. 8, 2016) (denying stay based on pendency of *ACA International* because, although the D.C. Circuit decision could clarify certain questions of law, the parties still require discovery on factual issue regardless of the outcome of *ACA International*, and because defendant did not show this is a rare circumstance in which a stay pending the resolution of an appeal in another case is appropriate); *Lathrop,* 2016 WL 97511 (denying motion to stay based on pendency of *ACA International* because, *inter alia*, whichever party is unsuccessful in *ACA International* will likely appeal to the Supreme Court, thereby further extending the delay and prejudice to plaintiff); and *O'Hanlon*, 2016 WL 815357 (denying stay based on pendency of *ACA International* because it would cause substantial delay, issues pending before D.C. Circuit have already been litigated, and any forthcoming D.C. Circuit decision would not be binding).

Provided the indefinite timetable upon which a final resolution of *ACA International* will be reached as described above, the Court should follow the precedent established by *Rodriguez*, 2016 WL 369052, *Mancini*, 2016 WL 1273185, *Leachman*, No. 15-cv-62120-PAS (S.D. Fla. Jan. 13, 2016), and the like-minded district courts referenced above, and deny Defendant's Motion.

## V.     Conclusion

For all the above reasons, Defendant's Motion to Stay Proceedings should be denied.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #:  88672
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a Notice of this filing will be sent to the following by operation of the Court's Electronic Filing System:  Justin T. Wong, Esq., Troutman Sanders LLP, 600 Peachtree Street, NE, Suite 5200, Atlanta, GA  30308 (Justin.Wong@troutmansanders.com).

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #:  88672