UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE ZULUAGA,

    Plaintiff,

v.                                              Case No. 6:17-cv-335-Orl37-GJK

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____

## ORDER

In the instant action, Plaintiff asserts claims against Defendant for violations of the Telephone Consumer Protection Act ("**TCPA**") and the Florida Consumer Collection Practices Act. (Doc. 1.) Defendant has moved to stay the action pending a decision from the U.S. Court of Appeals for the District of Columbia Circuit concerning, *inter alia*: (1) the definition of an automatic telephone dialing system ("**ATDS**"); and (2) the "reasonableness" standard regarding revocation of prior consent ("**Revocation Standard**"). (Doc. 14 ("**Motion to Stay**"); *see also* Doc. 15.) For the reasons set forth below, the Motion to Stay is due to be denied.

### I.     DISCUSSION

**A.     Complaint**

The Complaint contains the following allegations. Between March of 2015 and February of 2017, Defendant placed approximately 500 phone calls to Plaintiff's cell phone in an attempt to collect a debt arising from a mortgage loan. (Doc. 1, ¶¶ 15, 19, 21.)

On at least two occasions, Plaintiff called Defendant and demanded that it stop calling Plaintiff's cell phone; nevertheless, Defendant persisted. (*Id.* ¶¶ 22, 23, 24, 25.)

Importantly, the Complaint also alleges that: (1) Defendant used an ATDS to place phone calls to Plaintiff; and (2) such phone calls were done without Plaintiff's "express permission" in light of him revoking his prior consent. (*Id.* ¶¶ 23, 26, 27, 28.) In addition, Plaintiff alleges that Defendant's continued calls—in spite of Plaintiff's request to stop— evidence an intent to harass and abuse. (*Id.* ¶ 21.)

### B. Motion to Stay

On April 12, 2017, Defendant filed a motion requesting that the Court stay these proceedings pending the D.C. Circuit's decision in *ACA International v. Federal Communications Commission*, No. 15-1211 ("***ACA Int'l***"). (Doc. 14, p. 1.; *see also* Doc. 15, p. 1.) According to Defendant, the *ACA Int'l* decision will have precedential significance and could be dispositive of Plaintiff's claims because it will address challenges to the Federal Communication Commission's ("**FCC**") definition of an ATDS and the "reasonableness" of the Revocation Standard. (*See* Doc. 15, pp. 2–3.) Plaintiff timely filed a response (Doc. 19), and the matter is ripe for the Court's consideration.

### C. Analysis

Under the TCPA, it is unlawful "to make any call using an [ATDS] to a cellular telephone without the prior express consent of the 'called party.'" *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1266 (11th Cir. 2014) (per curiam) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). Thus, the *ACA Int'l* decision **may** impact litigation under the TCPA. Even if the D.C. Circuit does reach an opinion favorable to Defendant, the extent

to which this Court would be bound is not entirely clear. *Compare Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) (concluding that *ACA Int'l* would be binding on the court) *with Schwyhart v. AmSher Collection Servs., Inc.*, 182 F. Supp. 3d 1239, 1242 (N.D. Ala. 2016) (finding that "the D.C. Circuit's decision will not, in any event, be binding on this court").

Irrespective of the deference the D.C. Circuit's decision in *ACA Int'l* may or may not be due, the Court declines to stay the instant proceeding indefinitely pending the issuance of that decision. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing that district courts have broad discretion to stay proceedings as an incident to their power to control their own docket).

## II. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Ocwen Loan Servicing, LLC's Motion to Stay (Doc. 14) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 3, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record